38 Misc. Rep. 708.)
#### CROSBY v. MUTUAL RESERVE FUND LIFE ASS'N.

(Supreme Court, Trial Term, New York County.  October, 1902.)

1. ASSESSMENT INSURANCE—CONSTRUCTION OF CERTIFICATE.

The constitution and by-laws of an assessment insurance association were by the certificate made a part of the contract. They provided for a death-benefit assessment at such rates, "according to the age of each member," as the directors might establish, and that such assessment should be apportioned among the members "as per the rates named in the certificate of membership." A table of rates was annexed to such certificate. *Held*, that an assessment by an association against a member, whose age at entry was 43 years, at the rate of his attained age, 55 years, was within the promise of the contract.

Action by William B. Crosby against the Mutual Reserve Fund Life Association to recover damages sustained by cancellation of plaintiff's certificate of membership on his refusal to pay a bimonthly assessment. Complaint dismissed.

Black & Kneeland (Thomas Allison, of counsel), for plaintiff.
George Burnham, Jr. (William D. Guthrie, of counsel), for defendant.

TRUAX, J.  The policy issued by the defendant to the plaintiff provides that if, at such date as the board of directors of the association may from time to time fix or determine for making an assessment, the death fund is insufficient to meet existing claims by death, an assessment shall then be made upon every member whose certificate is in force at the date of the last death assessed for, and said assessment shall be made at such rates, according to the age of each member, as may be established by the said board of directors. Said policy also provides that the constitution and by-laws of the defendant shall form part of the contract between the plaintiff and the defendant. Section 5 of article 11 of the constitution provides that on the 1st days of February, May, August, and November, or at such other period as the board of directors may determine, an assessment shall be made upon the entire membership in force at the date of the last-audited death claim prior thereto, for such a sum as the executive committee may deem sufficient to meet the existing claims by death; the same to be apportioned among the members according to the age of each member as per the rates named in the certificate of membership. Attached to the policy is a table of rates. The plaintiff was 43 years of age at the time the policy was issued to him. In 1898, when he was 55 years of age, an assessment was made upon him. This assessment was levied upon the plaintiff under the table of rates adopted by the board of directors of the defendant in 1899, but according to the rate for the age of 55 years, the plaintiff's then attained age, instead of at the rate for his age when the policy was issued to him. The plaintiff refused to pay this assessment, and thereupon the defendant canceled the aforesaid policy and refused to recognize the plaintiff as one of its members. The plaintiff claims that the words "according to the age of each member"

mean the age of each member at the time he joined the association,. while the defendant claims that such words mean the age of each. member when the assessment is made.

My attention has not been called to any decision of any court in this state upon the question in controversy. This question, however,. has been before the courts of other states. In Haydel v. Association, 44 C. C. A. 169, 104 Fed. 718, the circuit court of appeals of the Eighth circuit held that the right to increase the assessment was conferred upon the directors of the defendant by the constitution, which was a part of the contract, and that it was a power essential to the continued vitality of the association as an assurance company. The court said:

"On this state of facts, the question to be determined is whether the indorsement on the back of the policies should be regarded as an agreement between the insured and the insurer, binding the latter not to make assessments in a sum greater than $3.50 per thousand bimonthly, or whether it should be regarded merely as a memorandum showing how assessments would be apportioned as between persons of different ages, and the probable amount of the bimonthly assessments as then foreseen and estimated. For several reasons, we incline to the opinion that the latter is the correct view. In the first place, the defendant was a mutual company operating on the assessment plan. It had no means wherewith to pay expenses and death losses other than such as it derived from assessments on its members. It is. by no means probable, therefore, that by the indorsement in question it intended to devest itself of the authority plainly conferred by its constitution upon the board of directors to make such assessments as might at any time be found necessary to meet its liabilities, or to tie its hands so that it could not exercise this necessary power. In the second place, the cost per year to a person aged fifty-six of a policy for $10,000, at the rate indicated by the indorsement, would only be $210, which is a sum so far below the usual cost of that amount of insurance to a person of that age as constrains us to believe that the deceased did not himself regard the indorsement as a contract binding the defendant to furnish insurance at that rate, without reference to what might be its actual experience. It is most probable, we think, that he understood it to be an estimate of the probable cost of insurance, the accuracy of which would be determined by the class of risks which it succeeded in obtaining."

In Barbot v. Association, 100 Ga. 681, 28 S. E. 498, the right to increase the rate of assessment was sustained. It was claimed in that case that the same table of rates that was printed upon the plaintiff's certificate of membership limited the right of the association to increase the amount of the assessment. But the supreme court of Georgia, after reviewing the entire question upon practically the same facts as those here involved, held that:

"It was not the purpose of this assessment rate table to fix a limitation upon the amount of the gross assessment, but only to afford a guide, after such gross amount has been ascertained, for its equitable and fair apportionment among the members, graduated according to their relative ages."

In Association v. Taylor, 99 Va. 208, 37 S. E. 854, the legality of the assessment of 1898, to which the plaintiff in this case objects, was sustained by the supreme court of Virginia.

I am of the opinion that the assessment made in 1898 was authorized by the contract between the plaintiff and the defendant, and that the refusal of the plaintiff to pay said assessment authorized the defendant to cancel the plaintiff's policy and to declare the same for-

feited. Judgment is ordered for the defendant, dismissing the complaint, with costs.

Complaint dismissed, with costs.